**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL–CIO, et al., Plaintiffs,**

v.

**Jesse BROWN, et al., Defendants.**

**Civ. A. No. 92–2871–LFO.**

United States District Court, District of Columbia.

Oct. 14, 1994.

Mark D. Roth, Gen. Counsel, Charles A. Hobbie, Deputy Gen. Counsel, AFGE, Washington, DC, Kevin M. Grile, Asst. Gen. Counsel, AFGE, Chicago, IL, for plaintiffs.

Douglas A. Wickham, Asst. U.S. Atty., Washington, DC, for defendants.

## *MEMORANDUM*

OBERDORFER, District Judge.

This is an action brought by the American Federation of Government Employees ("AFGE"), a labor union representing professional employees of the Department of Veterans Affairs, and Local 2328, which has been appointed by the AFGE to represent a unit of registered nurses at the VA Medical Center in Hampton, Virginia. The plaintiffs have sued the Acting Secretary of the Department of Veterans Affairs (the "VA"), the Chief Medical Director of the VA, and the Director of the VA Medical Center in Hampton, Virginia, all in their official capacities, seeking declaratory and injunctive relief to prevent defendants from refusing to arbitrate a grievance. Pending in this matter is defendants' motion to dismiss and plaintiffs' motion for summary judgment.

## I

The statutory framework relevant to this matter permits certain employees of the Veterans Administration, including registered nurses, to engage in collective bargaining activities. 38 U.S.C. §§ 7422, *et seq.*. However, matters that concern or arise out of "(1) professional conduct or competence, (2) peer review, or (3) the establishment, determination or adjustment of employee compensation" are exempt and are not subject to collective bargaining agreements and related grievance procedures. 38 U.S.C. § 7422(b). The phrase "professional conduct or competence" has been defined to include matters affecting "direct patient care" or "clinical competence." 38 U.S.C. § 7422(c). The Secretary of Veterans Affairs, or his designee, is authorized to determine whether an issue constitutes a matter affecting professional conduct or competence. 38 U.S.C. § 7422(d). On February 26, 1992, the Secretary of Veterans Affairs delegated authority to make such determinations to the Chief Medical Director of the VA. Feb. 26, 1992 Memo. from VA Secretary to Chief Medical Director, Att. A to Complaint.

## II

The Medical Center and AFGE Local 2328 are parties to a collective bargaining agreement (the "Agreement") that establishes certain terms for work schedules of nurses. The Agreement states in particular that "[a] weekend for a night nurse shall include Sunday and Monday." Complaint at 3, ¶ 10, quoting Article XII, Section 5 of the Agreement. When the Medical Center scheduled night nurse weekends on days other than Sunday and Monday, Local 2328 filed a grievance pursuant to the terms of the Agreement. When the grievance was denied by the Medical Center, Local 2328 invoked arbitration to resolve the dispute.

On July 24, 1992, the Chief Medical Director, in "responding to the issues raised concerning the . . . grievances filed by the American Federation of Government Employees," invoked the above-quoted provisions of § 7422(b) and declared that "any matter relating to tours of duty and assignments of nurses at any VA facility is related to the professional competence or conduct of these employees" and is not grievable. July 24, 1992 letter from James W. Holsinger, Jr., M.D. to Allan S. Goss, Att. C to Complaint. Relying on the Chief Medical Director's statement, the Director of the VA Medical Center informed the arbitrator on July 29, 1992, that it would not participate in the scheduled arbitration. July 29, 1992 Letter from Allan S. Goss to Leon B. Applewaite, Exhibit B to Complaint. On December 23, 1992, plaintiffs filed the instant action, claiming that the determination that the grievance regarding weekend scheduling of night nurses concerned "professional conduct or competence" is arbitrary, capricious and an abuse of discretion under 38 U.S.C. § 7422(d). *See* 5 U.S.C. § 706.

On July 28, 1993, the proceedings in this action were stayed so that the VA could reconsider its position with regard to the applicability of the professional conduct or competence language to the grievance. Order filed July 29, 1994. The VA subsequently affirmed its earlier position, and on November 19, 1993, plaintiffs renewed their motion for summary judgment and sought a declaration that the VA incorrectly determined that the scheduling of night nurse weekends was a matter that impacted professional conduct and competence. Plaintiffs also requested the Court to prevent defendants from using the "professional conduct or competence" language to prevent the resolution of plaintiffs' grievances. Pl's. Memo. in Opp. to Def's. Motion to Dismiss at 4.

However, on March 3, 1994, the Acting Under Secretary for Health issued a memorandum that reversed the VA's previous position and declared, upon further consideration, that:

> the scheduling of a night nurse's weekend to be Sunday and Monday, as opposed to ... any other combination of days, does *not* impact professional conduct and competence ... and that the grievances at VAMC Hampton on the designation of weekends for night nurses do *not* affect a matter of professional conduct or competence.

Mar. 3, 1994 Memo. from John Farrar, M.D. to Assistant General Council of the Department of Veteran Affairs, Ex. A to Def's Motion to Dismiss (emphasis added). Based on the VA's new position, the defendants claim that this action is now moot and should be dismissed.

## III

 This Court's jurisdiction extends only to the adjudication of live controversies. A case is deemed moot when:

(1) it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur, [citations omitted] and

(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

*County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).

Plaintiffs contend that the VA's declaration of March 3, 1994, does not satisfy the first prong of the *Davis* test because "at no time does the VA offer any pledge not to later reassert 'professional conduct or competence' either as to these grievances or as to the specific contract language itself." Pl.'s Memo. in Opp. to Motion to Dismiss at 6. The plaintiffs are also concerned that the Medical Center has not been directed not to use the language at issue to impede the grievances or future disputes involving the same contract language, and that the Medical Center has not made any such pledge. *Id.* Without such promises, plaintiffs argue that it cannot be said with assurance that there is no reasonable expectation that the alleged violation will recur. Plaintiffs also contend that even if the VA extended such assurances, there is nothing to keep the defendants from reversing course once again and reasserting its earlier position.

In response to plaintiffs' contentions, and in reliance on the Under Secretary's 1994 declaration, defendants, by counsel, have represented in its pleadings to this Court that:

> in the context of the underlying dispute, the VA will *not* apply the 'professional conduct or competence' language to impede or prevent the arbitration or other resolution of Local 2328's grievance at VAMC Hampton.

Def.'s Memo. in Support of Motion to Dismiss at 7–8 (emphasis added). Defendants' pleadings have further asserted that:

> If the plaintiffs ever decide to revive the grievances at VAMC Hampton, the VA will *not* assert any claim the grievances involve an issue of 'professional conduct and competence' and the VA agrees that grievances could proceed.... The bottom line is that the night nurses' grievances can and should proceed and the VA will *not* invoke the 'professional conduct or competence' language to prevent those grievances from going forward.

Def.'s Supp. Memo. in Support of Motion to Dismiss at 5–6 (emphasis in original). De-

fendants have also represented to this Court that:

> The VA Undersecretary's decision represents binding authority throughout the VA and thus assures that this issue will not recur at VAMC Hampton.... Furthermore, to the extent that future cases present the same factual and legal issue, the VA's decision is binding on those cases as well.

*Id.* at 7.

It is established that "voluntary cessation of allegedly illegal conduct does not ... make the case moot." *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). However, "[t]he case may nevertheless be moot if the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated." *Id.* Defendants' burden "is a heavy one." *Id.* Although mere profession that defendants have no intention to revive challenged practices is not alone sufficient to moot a case, it is an important factor to be considered in determining whether a live controversy exists. *Id.*

As noted above, the VA has vigorously asserted in formal pleadings filed with this Court that it will not oppose arbitration of the grievance relating to weekend scheduling of night nurses. Representations made by defendants to the Court can be used in determining whether a case still presents a live controversy. *Committee in Solidarity v. Sessions,* 929 F.2d 742, 745 (D.C.Cir.1991). Where, as here, defendants "acted voluntarily, without judicial compulsion, mootness also depend[s] on there being little likelihood" that its action be reversed. *Id.* at 744 (holding that once FBI records had been turned over to national archives as requested by plaintiffs, issue was moot). Defendants have "adopt[ed] entirely plaintiffs' view of this dispute," after "considering the narrowly framed issue that plaintiffs presented to the court;" they now agree that "the grievances can and should proceed;" and they have "stood ready" to address plaintiffs' grievances when they are reinstated. Def.'s Supp. Memo. at 4–5. Under these circumstances, there is little likelihood that it will reverse its position on arbitration.

The plaintiffs also bear a burden in this matter; they must "satisfy the court that relief is needed" and that "there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Id.* 345 U.S. at 633, 73 S.Ct. at 898. Plaintiffs have presented no evidence that defendants have taken any action that belies the sincerity of their representations that they will not invoke the language of § 7422(b) to hinder arbitration of plaintiffs' grievance. An argument that there is no "promise not to commit similar violations in the future" does not carry plaintiffs' burden. *See id.* For the foregoing reasons, "it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur." *Davis,* 440 U.S. at 631, 99 S.Ct. at 1383.

Under the second prong of the *Davis* test, it must be shown that the effects of the alleged violation have been eradicated by "interim relief or events." *Id.* The violation alleged by plaintiffs was the defendants' invocation of "the 'professional conduct or competence' language to frustrate and/or prevent the arbitration or other resolution of AFGE Local 2328's grievance." Pl.'s Complaint at 7. The primary relief plaintiffs have requested is that the defendants "withdraw their declaration that the plaintiffs' grievances concern or arise out of 'professional conduct or competence,' " and that the defendants "not use the 'professional conduct or competence' language to prevent the resolution of plaintiffs' grievances." Pl.'s Proposed Order on Motion for Summary Judgment. The representations made by defendants in this action constitute the relief requested by the plaintiffs.

Because the defendants now concur with the plaintiffs' position and agree in their pleadings that arbitration could proceed (*see* Def's Motion to Dismiss at 7–8), the effects of the "alleged violation"—preventing the arbitration of the grievance—have been eradicated.

Accordingly, an accompanying Order dismisses this case as moot.

**20**

*ORDER*

For the reasons stated in the accompanying Memorandum, it is this 13th day of October, 1994, hereby

ORDERED: that in reliance on the solemn representations of the office of the United States Attorney on behalf of the Secretary of Veterans Affairs, the Acting Under Secretary for Health of the Department of Veterans Affairs, and the Director of the Veterans Affairs Medical Center at Hampton, Virginia, in their official capacities, this matter is DENIED AS MOOT, without prejudice to its reopening on motion of plaintiffs in the event that there is any breach of these commitments; and it is further

ORDERED: that plaintiffs' motion for summary judgment is DENIED AS MOOT.